Tiffany Yang from the Georgetown Law Center on behalf of Mr. Brown. With the court's permission, Brandon J. Brown, a third-year law student, will present the argument on Mr. Brown's behalf. Your Honors, may it please the court. This case concerns the erroneous denial of Mr. Brown, who currently serves a 57-year sentence. Thirty years of his sentence are for convictions that carry just a 10-year mandatory minimum today. That major sentencing disparity is an extraordinary and compelling reason for release, and the district court erred by ignoring it. Given the gravity of that error, and the three-year delay in Mr. Brown's case, this court should remand with instructions to grant immediate release. The district court's failure to consider the 20-year difference between Mr. Brown's current sentence and the sentence... Why wouldn't we remand it and have the district court consider the that sentencing disparity in the first instance, since the district court did not consider it at all the first go-round? Well, first, this case should not just be remanded for consideration of whether the stacking is an extraordinary and compelling reason anew, because this case was already sent back to the district court once for consideration of what this court said in McCoy, which is that stacking can be an extraordinary and compelling reason, but also because it is not just that Mr. Brown has stacked 924C sentences that result in a 20-year disparity, but it is also because he has significant medical vulnerabilities, and also has shown extensive post-sentencing rehabilitation, all things that factor into the totality of the circumstances analysis as to whether he has shown extraordinary and compelling reasons. And so because of that, this court should remand with instructions to grant immediate release, or at the very least should remand with instructions to find that Mr. Brown has made a showing of and then will be sentencing under the 3550A factors. It is not just the gross disparity of 20 years that affects Mr. Brown that is an extraordinary and compelling reason for release, but it is also the sheer and unusual length of that 30-year sentence for two consecutive 924C convictions. As this court stated in McCoy, a stacked sentence that exceeds the average punishment imposed for more serious crimes also supports release. Mr. Brown's 30-year stacked sentence for possessing a weapon exceeds the national sentencing average for manslaughter, murder, and also kidnapping. And further, his stacked sentences show a disparity between him and the rest of the co-conspirators in the indictment. The District Court did not only not address Mr. Brown's stacking, his most important claim in its extraordinary and compelling reasons analysis, but the District Court also committed legal error by failing to consider Mr. Brown's stacked sentences in the 3550A analysis. The First Step Act was an enormous change in law, and by not mentioning that, the District Judge, essentially it was his entire one paragraph analysis in 3550A was tainted, and that can be seen line by line of that analysis. First, in 3550A, the District Judge talks about the length of time that Mr. Brown served, which the judge says is 11% of 57 years. I want to make sure I understand something you said earlier. Did you mean to say that this was sent back once before for the District Court to consider the stacking issue as extraordinary and compelling? Yes, this was sent back for the District Court to McCoy, where the court affirmed multiple defendants who had stacked sentences, the court affirmed the District Court's decision to grant their motions for compassionate release. So on remand, this court gave the District Court here instructions to consider what McCoy said, and the fact that the District Court did not consider it is a reason to remand this for finding of extraordinary and compelling reasons. But back to the 3550A analysis, the District Judge mentions Mr. Brown's time served, which he says was 11% of a 57-year sentence, which the District Judge said did not allow adequate deterrence. But if stacking were considered in that computation, it would show that Mr. Brown's total sentence would be 37 years, not 57 years. And so at the time of the denial of his compassionate release motion, Mr. Brown would have served nearly a quarter of his sentence. But because the District Court did not consider stacking that computation is flawed. The District Judge also mentions that Mr. Brown's gun convictions pose a risk of danger to the community. But by the First Step Act, Congress has decided that 10 years is enough to mitigate two consecutive 924C gun convictions. And Mr. Brown, as of last fall, has served nine years of his sentence. And when you add in the good time credits, which are about a year and four months, Mr. Brown has effectively served that 10 years already. And so any mitigation concern or adequate deterrence concern has already been met by Mr. Brown. That is not reflected in the District Court's opinion. Also, two pertinent 3550A factors are not mentioned at all in the District Court's opinion because of the fact that the opinion disregards stacking. That is the need to I just want to make sure I'm clear about what we're talking about. Are you talking about our prior order at JA 87 to 91? Yes, well, the District Court's first opinion, which was then the District Court's first denial of Mr. Brown's compassionate release motion, which this court then remanded for consideration of McCoy. Right. OK, go ahead. But not for? Yes, but not for what the court says McCoy is relevant. Right. That's not what you said to me twice. You said that it would that we sent it back for the District Court to consider McCoy. And you specifically said to consider the stacking because I asked you what my first question was, why would we just order his immediate release without sending it back to the District Court in the first instance to consider the stacking issue as extraordinary and compelling? And you said your response was because we had already told the court to do that once before on stacking. And then I wanted to make sure I heard you correctly because I don't see the word stacking anywhere in this order. I asked you again and you again said that we sent it back to consider stacking and you, you know, you couch it in terms of McCoy, which I understand McCoy does say extraordinary and compelling reasons. And this stacking issue certainly may be one. But what we sent it back for was because the court didn't consider the obesity issue in the first instance. Right. Your Honor. It doesn't say stacking anywhere. In footnote 4 of this court's remand it says to consider McCoy because of the severity of the defendant's section 924C sentences and the extent of the disparity between the defendant's sentences and those provided for under the First Step Act. Thank you. And to get to that other sentencing factor that was not mentioned by the sentence, which today Congress has determined is only 10 years instead of 30 years for the 924C convictions. And so because the district court did not consider both Mr. Brown's stacked sentences or his serious medical vulnerabilities in the 3553A analysis, that analysis was legal error under this court's standard and high, which is that district courts must put forth enough reasoning in a 3553A analysis to allow for meaningful appellate review. On the face of this district court's analysis, it cannot be determined why Mr. Brown's criminal history, which is primarily what the one paragraph focuses on, outweighs the extensive showing of rehabilitation that he made and it cannot be compared in any way to the effect of stacking or serious medical conditions because those two things were not mentioned. To take some time to talk about that extensive showing of rehabilitation, which in no way is reflected by the district court's one-line sentence about appreciating Mr. Brown's service. Not only did Mr. Brown serve in prison in terms of his employment and also as a tutor, but Mr. Brown was employed for all of his confinement, working in both the library and the education department, and he was promoted to head library clerk, showing that the prison entrusted him with the responsibility of streamlining the other inmates. And this can be shown in Mr. Brown's letter motion, which starts on JA 63. Further, Mr. Brown, as a tutor, has helped inmates receive their GEDs. So he has not only taken numerous classes on anger management, drug prevention, and leadership, he has gone out of his way to use that education to help others receive their GEDs in prison. And Mr. Brown has shown an exceptional behavior record in prison with only one infraction related to self-defense. But this was severely undermined by the district court's opinion saying that it only appreciates Mr. Brown's service. Counsel, why is that not, at least in terms of the post-imprisonment conduct, the mitigation type factors? I certainly realize he could have said more, but why shouldn't we read the court appreciates defendant's service while in prison as indication that he considered those arguments? Because this court's precedent in Martin, and also persuasively in the unpublished cases of Spencer and Gutierrez, shows that when a defendant puts forth a mountain, to quote Martin, of mitigation evidence, of post-rehabilitative evidence, then simply one line does not show enough to make sure that there is evidence either weighs more or weighs less than the defendant's criminal history or any of the other factors. So this court made clear in Martin that courts cannot ignore or severely undermine when defendants have shown extensive evidence, and Mr. Brown has shown that here. In addition to rehabilitation, Mr. Brown, in his letter motion, talks extensively about how he has worked towards a re-entry plan and has shown deterrence. And that is not seen on the face of this opinion at all. Mr. Brown's brother has agreed to let him live with her in Virginia upon release, and also he has had his brother contact two of his former employees, one of which has already offered him a job. Mr. Brown has also had his brother contact a local food bank and retirement home, both of which who have agreed to allow Mr. Brown to volunteer there upon release. And in his letter motion, he talks about how important serving and volunteering is in his community, and that he wants to do that to be able to show his kids that he is a role model. Mr. Brown also talks extensively about his remorse that he has, and that he takes action or responsibility for his actions, and that he seeks to serve his community also as a way of paying that sense of remorse and responsibility forward. None of these things can be seen on the face of the district court's opinion because there is only one sentence about appreciating service that is embedded in an entire paragraph dedicated to Mr. Brown's criminal history. Our position is that it was not erroneous for the district court to talk about the criminal history, but it was legal error for the district court to not mention stacking, not mention Mr. Brown's serious medical conditions, which are chronic bronchitis, obesity, and hypertension, and an ability to manage those in prison in light of the COVID-19 pandemic. Well, he wasn't vaccinated. He refused to get vaccinated, correct? Yes, that's right. So how would he be able to manage it any better outside the prison system than inside if he was still not vaccinated? What Mr. Brown was saying in his letter motion is that he's not able to manage it because in prison he is not able to effectively exercise. There were numerous lockdowns that were happening, so he further questions from your Honors, you've remained with my time. Thank you Mr. Brown. Thank you Judge Gregory and the accused court. This court can affirm the district court's denial of compassion, at least for two reasons. First, because the district court correctly concluded that the defendant hadn't established extraordinary reasons based on his health conditions and COVID, and the district court concluded that on the balance the sentence, in fact, weighed against release. The district court didn't consider the 20-year disparity, did it? I don't think the district court considered it explicitly in the sense of a claim-counter-claim type of analysis, but we know from this court's precedent, Hibble and High, for example. Well, first of all, just to step back for a second, this court in Bethia recently explained that the court can affirm, even if there's a law in the eligibility analysis, so long as the 35 degree factors are sound, and we know from High that the court can actually just skip straight to the 35 degree factors. There's no argument here that the court wasn't aware, excuse me, there's no evidence here that the court wasn't aware of the McCoy 924C argument because it cited it twice in its opinion, both at the beginning of the discussion section and right before the 35 degree factors. We know the court also was aware of its authority to grant relief on that basis because it contrasted this case with its prior decision, that's the Gibson citation, saying this case is not like that case because there, which is a case where the DuMore did grant relief based on stacked sentences, because there, the 35 degree factors did support it. And then the court went straight into the factors, and then at least three of those factors go straight to the heart, really, of any true McCoy claim, in fact, more so than the history. Well, what if we disagree and don't think that the district court adequately addressed the extraordinary and compelling circumstance of this 20 year disparity? Opposing counsel says we should go ahead and order appellant's release versus giving the district court what would really be a third try in this case. I wouldn't say it's the third chance for the district court to address the stacked sentence argument. It would be the third chance in this case. It would be the second, or the first time, at least, post Ferguson. to address that issue. But I do think, and then there's also just a practical element to this, which is that even if I accepted the validity of the McCoy argument, even if I said it was extraordinary and compelling, even if the district court agreed, the defendant has an independent... You don't think a 20 year disparity in the sentence is extraordinary and compelling, or at least something that should be considered as possibly extraordinary and compelling? Well, first of all, I don't want to confuse what we're talking about, because initially we were talking about the 35-degree factor. I was explaining why the court can affirm on that basis, even if the court didn't address the extraordinary and compelling prong of the analysis so long as the 35-degree analysis is sound. And I'd like to get to that in a second, but just to answer your first question, there's an independent 327 month sentence on count one here. That's totally unchallenged and barely even recognized in this case. So remanding for instructions to release the defendant, even if we all agree that he should be sentenced per today's 10 year minimum, that doesn't translate to the defendant's immediate release because he still has a 327 month sentence for which he's only about nine years in. So that kind of extraordinary relief isn't warranted here, both on the facts of the case, residual posture, but also the way the sentence is composed here. Again, I could stand here and say, we should give Mr. Brown the sentence he would receive today, and that would be 10 years, but that would still equal 447 years because of the 327 month sentence on count one, which is consecutive to 9 and 11. But I do, going back to the initial question about the 35-degree factors, I do think that the court addressed the stack before the stack sentencing in the course of its 35-degree analysis. Number one, the district court addressed the defendant's criminal history, which was one of the four facts in McCoy. The defendant, Mr. McCoy, he was 19 years old and he had no criminal history. The defendant here was 34 years old and came to the court, as Judge Dumas explained, as a category five, totally different class of persons here. And as Judge Dumas explained, his crimes had gotten progressively worse in the buildup to this case. That fact is reflected in the PSR and distinguishes this case from McCoy. Among the defendant's convictions are a conviction for using a firing gun into a house during a robbery. This is not a first-time offender and he's not a first-time firearm offender. The court also addressed specifically focusing on the defendant's firearms. In the court's view, the defendant was a risk to public safety because of his multiple firearm convictions. Again, it takes us out of McCoy land. The district court in McCoy concluded that the defendant no longer needed the sentence and that he was no longer a threat to public safety. The district court here on a different set of facts concluded otherwise. And then, of course, we have the small percentage of the sentence served. Again, that's a fact that distinguishes this case from McCoy. And also, because the defendant, McCoy, he was sentenced to 37 months on his Hobbs Act robberies and then something like 384 months on his stacked sentences. And so when he came to the court, he was 17 years into his sentence such that if he would get the relief that he sought, which he did, he would be free. But again, that's not this case because we have a totally independent 327-month sentence on count one, which wouldn't be affected even if we all got together right now and agreed that his stacked sentences were extraordinary and compelling. I'd like to just back up for a second. The court has no questions on this issue and talk about the health concerns. The defendant presented a number of health related concerns, which he asserted were extraordinary, compelling, and combined with COVID. The district court acknowledged all of those health conditions. In the first iteration of this case, it didn't ignore any of them. It twice stated that the defendant's health concerns and COVID were extremely serious considerations and that the court didn't take them lightly. The court then addressed them in two groups, both times relying on CDC guidance. The first group the district court addressed pertained to the conditions such as sleep apnea and narcolepsy, which the court explained were not conditions that raised an inmate's risk of serious illness from COVID. The court then moved on to the next set of conditions, specifically the defendant's obesity and hypertension and reliance on, again, CDC guidance. The court explained that those were conditions that could raise an inmate's risk of complications should they contract COVID. Per this court's remand instructions, the court addressed obesity. In person briefing order, the district court asked for the parties to address obesity, to address that factor, and concluded that obesity was significant. But for four reasons, the district court concluded that the defendant hadn't established extraordinary and compelling reasons based on his health condition. The first was the vaccine denial. I want to just be very clear, the defendant tries to spin this as some kind of per se categorical bar that the defendant's willing to reject the vaccine. That's just not true. The district court looked at four factors. The first was the vaccine denial. The second was the fact that there were virtually no cases of COVID in the defendant's prison. One among staff members and no cases of inmates. Third was a high rate of vaccination among staff and inmates in the defendant's prison. And the fourth factor was that the defendant's conditions were manageable. This court's decision, in my view, was adequately supported by this court's precedent, specifically the court's recent decision in Hargrove, which explains that the inquiry into what is extraordinary and compelling is multifaceted and nuanced. And the courts are supposed to look at an array of factors, not just a single question of whether a condition or a group of conditions raises an inmate's likelihood of serious illness. The court did that and looked at the totality of the circumstances, the defendant's conditions, and the surrounding environment, concluding that he hadn't established extraordinary and compelling reasons. I'd be happy to answer any of the court's questions. Thank you. Thank you. Mr. Brown?  First, I'd like to talk about McCoy, because this case is actually... You don't have much time, so do you get to respond to a colleague's question or response about the immediate release, given the additional time he has to address that? Do you need to respond to that? Sure, Your Honor. It is our position that this is still a good case for immediate release. Counsel on the other side brings up Malone, and understandably, there are differences between the medical conditions that that defendant had and the medical conditions here. But yet, Malone stands for the greater principle that district courts cannot ignore the most impactful claims that a defendant makes in a motion for compassionate release. Malone doesn't only talk about medical conditions, but it also talks about rehabilitation and how the district court in that case did not adequately consider... But I think the government's point was that there's a separate independent count where he's been sentenced to 327 months. How can we just release him when that's still hanging out there? Sure, Your Honor. It is our position that because of the totality of the circumstances and his stacking, rehabilitation, and serious medical vulnerabilities, that this would be appropriate for that. But in any event, it would also be appropriate here for this court to remand for finding of extraordinary and compelling circumstances, and then for a full resentencing, considering Mr. Brown's rehabilitation, stacked sentences, and medical vulnerabilities. So that would be our alternative. I'd also like to talk about McCoy. The opposing counsel says that this case is much different from McCoy, but McCoy does not set any hard lines as to what must be considered for there to be extraordinary and compelling reasons. It is this court's standard that as of now, with no policy statement, anything can be brought forth as an extraordinary and compelling reason. And so that court's consideration of the defendant's criminal history there and their age is not at all dispositive. Here, Mr. Brown shows rehabilitation and also has stacked 924C sentences, as did the defendants in McCoy. And so those similarities there make this case one in which the same findings should be had, that this is a case appropriate to find that Mr. Brown has shown extraordinary and compelling reasons. What more would you want the district court to do other than what the court set out in its 3553 analysis? Well, first, Your Honor, they needed to address stacking. They needed to address the disparity that is caused by Mr. Brown's stacked sentences. Second, they needed to address Mr. Brown's serious medical vulnerabilities in light of COVID-19. And third, the district court needed to adequately address the mountain of post-rehabilitative evidence that Mr. Brown put forth, not just minimizing that to one cursory sentence about appreciating service. Also, when it comes to time served, time served is not dispositive in any event. As I mentioned, there was a miscomputation and it actually should have been over a quarter of Mr. Brown, about a quarter of his time served if stacking would have been considered. But this court has found in Martin that compassionate release could be granted for a defendant that only served nine years of a life sentence. So even taking the stacking argument out of that and keeping it at 11%, the time served proposition that the district court put forth should not change this court's decision today. If there are no further questions, we ask that this court remand with instructions to grant immediate release or, in the alternative and at the minimum, remand with instructions for full resentencing in accordance with Mr. Brown's rehabilitation, stacking, and medical vulnerabilities. Thank you.
judges: Roger L. Gregory, Stephanie D. Thacker, A. Marvin Quattlebaum Jr.